1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEON L. JEFFERSON, | Case No.  1:16-cv-00359-SAB-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| J. KATAVICH, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint filed March 16, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 30, 2016. (ECF No. 4.)

1   1915(e)(2)(B).

2       A complaint must contain "a short and plain statement of the claim showing that the
3   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not
4   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
5   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell
6   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate
7   that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.
8   Williams, 297 F.3d 930, 934 (9th Cir.2002).

9       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
10  liberally construed and to have any doubt resolved in their favor.   Wilhelm v. Rotman, 680 F.3d
11  1113, 1121 (9th Cir. 2012)(citations omitted).   To survive screening, Plaintiff's claims must be
12  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
13  that each named defendant is liable for the misconduct alleged.   Iqbal, 556 U.S. at 678-79; Moss
14  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant
15  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
16  liability" falls short of satisfying the plausibility standard.   Iqbal, 556 U.S. at 678; Moss, 572
17  F.3d at 969.

18                                    **II.**

19                         **COMPLAINT ALLEGATIONS**

20      Plaintiff, an inmate in the custody of the California Department of Corrections and
21  Rehabilitation (CDCR) at Soledad State Prison, brings this civil rights action against Defendant
22  correctional officials employed by the CDCR at Wasco State Prison, where the conduct at issue
23  occurred.   Plaintiff names as Defendants A. Johal, M.D., and Warden J. Katavich.   Plaintiff also
24  names as a Defendant California Health Care Services Deputy Director for Policy and Risk
25  Management J. Lewis.

26      Plaintiff alleges that on September 21, 2015, while being examined by medical staff,
27  Defendant Johal violated Plaintiff's patient confidentiality.    Plaintiff specifically alleges that
28  after looking at his medical record, Dr. Johal performed an examination of Plaintiff's genital

1  area, then "indiscreetly blurted out her findings." (ECF No. 1, ¶IV.)   Plaintiff alleges that the

2  examination room door was left open, and inmates and correctional staff could hear.  Plaintiff

3  alleges that Dr. Johal continued to violate Plaintiff's privacy by leaving the door open, despite

4  the fact that other physicians kept their examination room doors closed.  Plaintiff does not allege

5  any conduct by Defendants Katavich or Lewis.

6  **III.**

7  **DISCUSSION**

8  **A.      Privacy**

9  The Due Process Clause of the Fourteenth Amendment protects individuals against the

10 disclosure of  personal matters, <u>Whalen v. Roe</u>, 429 U.S. 589, 598-99 (1977), which "clearly

11 encompasses medical information and its confidentiality," <u>Norman-Bloodsaw v. Lawrence</u>

12 <u>Berkeley Lab.</u>,135 F.3d 1260, 1269 (9th Cir. 1998) (citations omitted).   "[T]he right to

13 informational privacy applies both when an individual chooses not to disclose highly sensitive

14 information to the government and when an individual seeks assurance that such information

15 will not be made public."  <u>Planned Parenthood of Southern Arizona v. Lawall</u>,  307 F.3d 783,

16 789-90 (9th Cir. 2002) (citations omitted).  It is the latter situation which is at issue in this action.

17 The privacy protection afforded medical information is not absolute, and may be

18 infringed upon a showing of proper governmental interest.  <u>Lawall</u>, 307 F.3d at 790 (citations

19 omitted).  The governmental interest in disclosure must advance a legitimate state interest and

20 the government's action must be narrowly tailored to meet the legitimate interest. <u>Roe v. Sherry</u>,

21 91 F.3d 1270, 1274 (9th Cir. 1996) (quotations and citations omitted).   In making the

22 determination whether the governmental interest outweighs the individual's privacy interest,

23 courts must balance the following factors: (1) the type of information, (2) the potential harm in

24 non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure,

25 (4) the degree of need for access, and (5) whether there is an express statutory mandate,

26 articulated public policy, or other recognizable public interest militating toward access.  <u>Tucson</u>

27 <u>Woman's Clinic v. Eden</u>, 379 F.3d 531, 551 (9th Cir. 2004).

28 The Court finds Plaintiff's allegations regarding the disclosure of private medical

1 information to be vague.  Plaintiff alleges, at most, that the door to the examination room was

2 open, and Dr. Johal "indiscreetly blurted out her findings" regarding a genital examination of

3 Plaintiff.  Such an allegation, of itself, fails to state a claim for relief.  Plaintiff must allege

4 sufficient facts from which the Court can make a determination using the above factors.  This

5 claim should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended

6 complaint that corrects this deficiency.

7         **B.**      **Supervisory Liability**

8         Plaintiff fails to allege any conduct by Defendants Katavich and Lewis.    Government

9 officials may not be held liable for the actions of their subordinates under a theory of respondeat

10 superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be

11 held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that

12 the official has violated the Constitution through his own individual actions.  Id. at 673.  In other

13 words, to state claim for relief under section 1983, Plaintiff must allege facts linking Defendants

14 Katavich and Lewis with some affirmative act or omission that demonstrates a violation of

15 Plaintiff's federal rights.    Plaintiff has failed to do so.  These Defendants should therefore be

16 dismissed.

17                                   **IV.**

18                         **CONCLUSION AND ORDER**

19         For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may

20 be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll

21 v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this

22 suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,

23 607 (7th Cir. 2007)(no "buckshot" complaints).

24         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

25 each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

26 Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the

27 duties and responsibilities of each individual defendant whose acts or omissions are alleged to

28 have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.  Plaintiff's complaint, filed March 16, 2016, is dismissed for failure to state a claim;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and

4.  If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will dismissed this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **August 18, 2016**

UNITED STATES MAGISTRATE JUDGE