# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEON L. JEFFERSON, | Case No. 1:16-cv-00359-SAB-PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | FOR FAILURE TO STATE A CLAIM |
| J. KATAVICH, et al., | (ECF No. 7) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's first amended complaint filed September 14, 2016.

## I.

### SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 30, 2016. (ECF No. 4.)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation at Soledad State Prison. Plaintiff brings this civil rights action against Dr. Johal who treated him at Wasco State Prison, where the conduct at issue occurred.

Plaintiff alleges that on September 21, 2015, he was being examined by Dr. Johal who left the examination room door open while going over Plaintiff's medical files and medical history. (First Am. Comp. ("FAC") 3,[2] ECF No. 7.) Dr. Johal examined Plaintiff's genital area and blurted out her physical examination findings. (FAC at 3.) There were medical staff and a minimum of five other inmates no more than two to three feet away. (FAC at 3.) LVN Bisbee

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

and Correctional Officer Marquez were standing in the open doorway of the examination room. (FAC at 3-4.) Plaintiff alleges that the medical care he received in regards to confidentiality was not equal to that received by other inmates and that Dr. Johal disclosed his medical information to both inmates and correctional staff. (FAC at 4.) Plaintiff alleges that he has been harmed because he is housed with individuals who could harass or talk about his disease and or symptoms. (FAC at 4.) Plaintiff is seeking monetary damages.

### III.

### DISCUSSION

#### A. Right to Privacy

Plaintiff alleges that his right to medical privacy was violated when Dr. Johal did not close the door to his examination room during his medical visit.[3] Initially, imprisonment carries with it the loss of many significant rights, and some loss of privacy is inherent in confinement. Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010). The Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal matters, Whalen v. Roe, 429 U.S. 589, 598-99 (1977), which "clearly encompasses medical information and its confidentiality," Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) (citations omitted). "[T]he right to informational privacy applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurance that such information will not be made public." Planned Parenthood of Southern Arizona v. Lawall, 307 F.3d 783, 789-90 (9th Cir. 2002) (citations omitted).

Courts have recognized a constitutional right to the privacy of medical information in some context. Seaton, 610 F.3d at 537. The Ninth Circuit suggested in Seaton, that "the right to informational privacy is a narrow one, limited only to fundamental rights such as "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education. Huling v. City of Los Banos, 869 F.Supp.2d 1139, 1153 (E.D. Cal. 2012) (quoting

---

[3] To the extent that Plaintiff seeks to bring a claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), he may not do so because there is no private right of action under HIPAA and it cannot form the basis of a constitutional claim. Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010); Huling v. City of Los Banos, 869 F.Supp.2d 1139, 1154 (E.D. Cal. 2012).

Seaton, 610 F.3d at 1153).  It is unclear whether an individual who seeks medical treatment has a constitutionally protected right to privacy even though his privacy interest is substantial.  Seaton, 610 F.3d at 541; see also Nat'l Aeronautics & Space Admin. v. Nelson, 562 U.S. 134, 138 (2011) (assuming without deciding that the constitution protects informational privacy); Huling, 869 F.Supp.2d at 1154-55 (finding defendants entitled to qualified immunity for disclosing confidential medical information to employer because the right to informational privacy is not clearly established); O'Neill v. Bannister, No. 3:12-CV-00030-LRH, 2012 WL 6968937, at *5 (D. Nev. Aug. 29, 2012), report and recommendation adopted, No. 3:12-CV-00030-LRH, 2013 WL 424467 (D. Nev. Jan. 31, 2013), aff'd in part, dismissed in part sub nom. O'Neill v. Peery, 540 F.App'x 586 (9th Cir. 2013) (recognizing the Ninth Circuit has not definitively answered whether an inmate's right to privacy in his medical records exists); but see Doe v. Beard, 63 F.Supp.3d 1159, 1165 (C.D. Cal. 2014) (finding that deliberate indifference to a risk of violence based upon the disclosure of an inmate's HIV status states a claim for violation of medical privacy and that the right to medical privacy is clearly established).

The privacy protection afforded medical information is not absolute, and may be infringed upon a showing of proper governmental interest.  Lawall, 307 F.3d at 790 (citations omitted).  The governmental interest in disclosure must advance a legitimate state interest and the government's action must be narrowly tailored to meet the legitimate interest.  Roe v. Sherry, 91 F.3d 1270, 1274 (9th Cir. 1996) (quotations and citations omitted).  In making the determination whether the governmental interest outweighs the individual's privacy interest, courts must balance the following factors: (1) the type of information, (2) the potential harm in non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.  Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004).

As the Court previously found in the August 19, 2016 order screening the complaint, Plaintiff's allegations regarding the disclosure of private medical information is vague.  Plaintiff alleges, at most, that the door to the examination room was left open, and Dr. Johal indiscreetly

went over his medical files and history and examined him. However, it is unclear what going over Plaintiff's medical history and file entailed. If Dr. Johal was just looking over Plaintiff's chart it is unclear how this would disclose any private medical information. Further, allegations that Dr. Johal blurted out her findings regarding a genital examination of Plaintiff while there were third parties in the hallway outside the room are the same allegations that were previously found to be vague and insufficient to state a claim.

Plaintiff has failed to include sufficient factual allegations for the Court to reasonably infer that Dr. Johal disclosed Plaintiff's private medical information in violation of his constitutional rights. In order to state a claim, Plaintiff must allege sufficient facts from which the Court can reasonably infer that Dr. Johal is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79. Plaintiff has failed to state a cognizable claim for relief, however, he will be granted one final opportunity to file an amended complaint to correct the deficiencies in his amended complaint.

## B. Equal Protection

Plaintiff alleges that Dr. Johal did not provide him the same privacy protections afforded other inmates and that her actions were discriminatory. The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005). In Village of Willowbrook v. Olech, 528 U.S. 562 (2000), the Supreme Court recognized that an equal protect claim can be based on unique treatment as a class of one. Village of Willowbrook, 528 U.S. at 564. "In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the City intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). In bringing a class of one claim, the plaintiff must show that "the discriminatory treatment 'was intentionally directed just at him, as opposed . . . to

being an accident or a random act." N. Pacifica LLC, 526 F.3d at 486 (quoting Jackson v. Burke, 256 F.3d 93, 96 (2d Cir.2001)).

In this instance, Plaintiff has alleged no facts to show that Dr. Johal left the door to the examination room open intentionally to discriminate against Plaintiff. Rather, the facts alleged indicate that failing to close the door was a random act. Plaintiff has failed to state a cognizable claim for violation of the equal protection clause.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted one final opportunity to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

/ / /

/ / /

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.    Plaintiff's first amended complaint, filed September 14, 2016, is dismissed for failure to state a claim;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4.    If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will dismissed this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:    __**June 7, 2017**__

UNITED STATES MAGISTRATE JUDGE