# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEON L. JEFFERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. KATAVICH, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00359-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND DIRECTING CLERK'S OFFICE TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's third amended complaint filed November 8, 2017.[1]

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

---

[1] On September 12, 2017, Plaintiff's second amended complaint was dismissed for failure to state a claim and Plaintiff was granted leave to file an amended complaint only as to his deliberate indifference claim. Based on the holding in Williams v. King, __ F.3d __, 2017 WL 5180205 (9th Cir. Nov. 9, 2017), the Court shall consider the additional claims raised in Plaintiff's third amended complaint.

1

1  that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
2  1915(e)(2)(B).

3     A complaint must contain "a short and plain statement of the claim showing that the
4  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell
7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
8  that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
9  Williams, 297 F.3d 930, 934 (9th Cir.2002).

10    Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
11 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
12 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be
13 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
14 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
15 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
16 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
17 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572
18 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

21    Plaintiff is an inmate in the custody of the California Department of Corrections and
22 Rehabilitation ("CDCR") at Soledad State Prison. Plaintiff brings this civil rights action against
23 Dr. Johal who treated him at Wasco State Prison, where the conduct at issue occurred.

24    Plaintiff alleges that on September 21, 2015, he was being examined by Dr. Johal who
25 left the examination room door open while indiscreetly going over Plaintiff's medical records.
26 (Third Am. Comp. ("TAC") 3,[2] ECF No. 12.) In doing so, Dr. Johal exposed Plaintiff's diseases

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  and disorders without regard to the other individuals and inmates who were outside the door. (TAC 3.) Dr. Johal called another medical staff member and a correctional officer into the examination room. (TAC 3-4.) Dr. Johal left the examination room door open and directed Plaintiff to expose his genital area and examined him, blurting out her findings. (TAC 4.)

Plaintiff alleges that by continuously leaving the examination room door open, Dr. Johal deprived him of the same right to privacy that other inmates being examined at the same time at the same facility were provided. (TAC 4.) These other inmates were bestowed the privacy of having the examination room door closed with no other staff present. (TAC 4-5.) Plaintiff contends that he never made any threatening gestures or gave Dr. Johal any cause to warrant her treating him differently from other inmates who were being examined in the adjoining examination rooms. (TAC 5.)

Plaintiff filed an inmate grievance and some of the individuals present were interviewed. (TAC 5.) However, registered nurse Bisby and correctional officer Marquez, who were summoned into the examination room, were not interviewed, and Plaintiff is sure that these interviews would establish that both of the staff members were not comfortable in partaking in Dr. Johal's actions. (TAC 5.)

Plaintiff contends that by recklessly disclosing his personal history of diseases symptoms and conditions, Dr. Johal caused a serious risk to Plaintiff because he was housed with inmates who could continue to disclose his medical record and personal information among the prison population, potentially risking altercations due to his diseases. (TAC 6.) This was a CDCR Reception Center routine screening. (TAC 6.) Plaintiff did not request the examination and was not provided with the option of refusing the examination. (TAC 6.)

## III.

## DISCUSSION

### A. Right to Privacy

Plaintiff alleges that his right to medical privacy was violated when Dr. Johal did not close the door to his examination room and having other CDCR personnel present during his

medical visit.³

Initially, imprisonment carries with it the loss of many significant rights, and some loss of privacy is inherent in confinement. Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010). The Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal matters, Whalen v. Roe, 429 U.S. 589, 598-99 (1977), which "clearly encompasses medical information and its confidentiality," Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) (citations omitted). "[T]he right to informational privacy applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurance that such information will not be made public." Planned Parenthood of Southern Arizona v. Lawall, 307 F.3d 783, 789-90 (9th Cir. 2002) (citations omitted).

Courts have recognized a constitutional right to the privacy of medical information in some context. Seaton, 610 F.3d at 537. The Ninth Circuit suggested in Seaton, that "the right to informational privacy is a narrow one, limited only to fundamental rights such as "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education. Huling v. City of Los Banos, 869 F.Supp.2d 1139, 1153 (E.D. Cal. 2012) (quoting Seaton, 610 F.3d at 1153). It is unclear whether an individual who seeks medical treatment has a constitutionally protected right to privacy even though his privacy interest is substantial. Seaton, 610 F.3d at 541; see also Nat'l Aeronautics & Space Admin. v. Nelson, 562 U.S. 134, 138 (2011) (assuming without deciding that the constitution protects informational privacy); Huling, 869 F.Supp.2d at 1154-55 (finding defendants entitled to qualified immunity for disclosing confidential medical information to employer because the right to informational privacy is not clearly established); O'Neill v. Bannister, No. 3:12-CV-00030-LRH, 2012 WL 6968937, at *5 (D. Nev. Aug. 29, 2012), report and recommendation adopted, No. 3:12-CV-00030-LRH, 2013 WL 424467 (D. Nev. Jan. 31, 2013), aff'd in part, dismissed in part sub nom. O'Neill v. Peery,

---

³ To the extent that Plaintiff seeks to bring a claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), he may not do so because there is no private right of action under HIPAA and it cannot form the basis of a constitutional claim. Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010); Huling v. City of Los Banos, 869 F.Supp.2d 1139, 1154 (E.D. Cal. 2012).

540 F.App'x 586 (9th Cir. 2013) (recognizing the Ninth Circuit has not definitively answered whether an inmate's right to privacy in his medical records exists); but see Doe v. Beard, 63 F.Supp.3d 1159, 1165 (C.D. Cal. 2014) (finding that deliberate indifference to a risk of violence based upon the disclosure of an inmate's HIV status states a claim for violation of medical privacy and that the right to medical privacy is clearly established).

The privacy protection afforded medical information is not absolute, and may be infringed upon a showing of proper governmental interest. Lawall, 307 F.3d at 790 (citations omitted). The governmental interest in disclosure must advance a legitimate state interest and the government's action must be narrowly tailored to meet the legitimate interest. Roe v. Sherry, 91 F.3d 1270, 1274 (9th Cir. 1996) (quotations and citations omitted). In making the determination whether the governmental interest outweighs the individual's privacy interest, courts must balance the following factors: (1) the type of information, (2) the potential harm in non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004).

Plaintiff alleges that the door to the examination room was left open, and Dr. Johal indiscreetly went over his medical files and history and examined him. Despite, Plaintiff's conclusory assertion that Dr. Johal deliberately disclosed his personal information, the facts alleged indicate an inadvertent disclosure because Dr. Johal negligently failed to close the door during his examination. Given the limited and narrow constitutional right to privacy,[4] the Court finds that Plaintiff's allegations are insufficient to state a cognizable claim for violation of Plaintiff's privacy rights under the Due Process Clause.

Plaintiff's allegations that Dr. Johal blurted out her findings regarding a genital examination are the same allegations that have been found to be vague and insufficient to state a claim on three prior occasions. The Court finds that Plaintiff's allegations are insufficient to

---

[4] See Doe v. Delie, 257 F.3d 309 (3d Cir. 2001) (finding that an inmate has a protected privacy interest under the Fourth Amendment from having his HIV status disclosed); Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999) (finding privacy interest in disclosure of transsexualism).

5

state a claim for a violation of Plaintiff's federal privacy rights.

The third amended complaint fails to state a cognizable claim for a violation of Plaintiff's federal right of privacy.

**B.     Equal Protection**

Plaintiff alleges that Dr. Johal did not provide him the same privacy protections afforded other inmates. The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (2001); <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985); <u>Shakur v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (2005). In <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562 (2000), the Supreme Court recognized that an equal protect claim can be based on unique treatment as a class of one. <u>Village of Willowbrook</u>, 528 U.S. at 564. "In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the City intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." <u>N. Pacifica LLC v. City of Pacifica</u>, 526 F.3d 478, 486 (9th Cir. 2008). In bringing a class of one claim, the plaintiff must show that "the discriminatory treatment 'was intentionally directed just at him, as opposed . . . to being an accident or a random act." <u>N. Pacifica LLC</u>, 526 F.3d at 486 (quoting <u>Jackson v. Burke</u>, 256 F.3d 93, 96 (2d Cir.2001)).

In this instance, Plaintiff has alleged no facts to show that Dr. Johal left the door to the examination room open intentionally to discriminate against Plaintiff. Rather, the facts alleged indicate that failing to close the door was a random act. Plaintiff has failed to state a cognizable claim for violation of the equal protection clause.

**C.     Deliberate Indifference**

Plaintiff alleges that Dr. Johal was deliberately indifferent by disclosing his personal information. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th

Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff has failed to allege any facts by which the Court can reasonably infer that Defendant Johal knew that Plaintiff would be at a substantial risk of harm by disclosing his medical information. Plaintiff contends that Dr. Johal caused a serious risk to Plaintiff because he was housed with inmates who could continue to disclose his medical record and personal information among the prison population, potentially risking altercations due to his diseases. However such speculative allegations are insufficient to demonstrate that Dr. Johal's disclosure of Plaintiff's medical information would place him at a risk of harm. Plaintiff has failed to state a cognizable claim for deliberate indifference.

**D.     Due Process**

Plaintiff alleges that he filed a grievance and not all witnesses were interviewed. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty or property interests without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Due process protections extend only to deprivations of protected interests." Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). However, there are no constitutional requirements regarding how a

grievance system is operated.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Thus, Plaintiff may not impose liability on a defendant simply because he played a role in processing Plaintiff's appeals or because the appeals process was otherwise rendered unfair.  See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." (Internal quotations omitted)).

Plaintiff cannot state a claim in this action based on his allegations that all the witnesses were not interviewed in response to his grievance.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons stated, Plaintiff's third amended complaint fails to state a claim upon which relief may be granted.  Plaintiff has been granted the opportunity to amend, with direction from the Court, to correct the deficiencies in his claims.  Plaintiff has now filed four complaints and failed to correct the deficiencies in his pleadings.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted.

The Clerk of the Court is HEREBY DIRECTED to randomly assign this action to a United States District judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and

recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 22, 2017**

UNITED STATES MAGISTRATE JUDGE